Mathew K. Higbee, Esq. SBN 42755
Julianne Vandergrift, Esq. SBN 285899
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: jvandergrift@higbeeassociates.com

*Attorney for Plaintiff*
SENNIE ROSE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SENNIE ROSE, an individual <br><br> Plaintiff, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., a limited partnership, and DOES 1 through 10, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SENNIE ROSE, for her Complaint against Defendants and each of them, alleges as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions

of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action two protect consumers against debt collection abuses.[1]

2. Revised Code of Washington § 19.16 *et seq* represents Washington's Collection Agency Act (CAA) and is similar to the FDCPA in that it provides a list of prohibited practices that collection agencies must avoid. The CAA provides remedies by making certain violations of the CAA per se violations of Washington's Consumer Protection Act (CPA). Private civil remedies are then accorded under the CPA.[2]

3. The United States Federal Communications Commission (FCC) implemented the Telephone Consumer Protection Act (TCPA) of 1991 to prohibit, among other things, calls made to cellular telephone services using (i) automatic telephone dialing systems ("robocallers"), or (ii) artificial or prerecorded voices.[3]

4. SENNIE ROSE, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS, INC., (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

---

[1] 15 U.S.C. 1692(a)-(e)
[2] RCW §§ 19.16.250, 19.16.440, 19.86.020, 19.86.090, and 19.86.140
[3] *TCPA Compliance*, TCPACOMPLIANCE.US, http://www.tcpacompliance.us/

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*, the Collection Agency Act, Revised Code of Washington (RCW) §§ 19.16 *et seq*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq*, and Defendant's negligent infliction of emotional distress in its attempt to collect on a debt.

8. Because Defendant does business within the State of Washington, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Lynnwood, County of Snohomish, State of Washington and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by RCW § 19.16.100(7).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Federal Way, County of King, State of Washington.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant conducted business from the City of Federal Way, County of King, State of Washington.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

COMPLAINT FOR DAMAGES
3

asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person directly or indirectly engaged in collecting or attempting to collect claims owed or due or asserted to be owed or due another person and is therefore a "collection agency" as that term is defined by RCW § 19.16.100(4).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant acts, assumes to act, or advertises as a collection agency. Furthermore, Plaintiff is informed and believes, and thereon alleges, that Defendant is licensed under RCW § 19.16 and is thereby a "licensee" as that term is defined by RCW § 19.16.100(9).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Washington.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Washington.

19. On November 2, 2005, Plaintiff went to the Emergency Room of the University of Washington Medical Center due to complications from her first pregnancy.

20. Plaintiff lost her baby due to miscarriage on November 2, 2005.

21. Further complications arose the next week on November 9, 2005 and Plaintiff had to return to the Emergency Room of the University of Washington Medical Center.

22. Due to the medical help Plaintiff received on November 2, 2005 and November 9, 2005, Plaintiff incurred a medical bill of approximately $5,607.62 from University of Washington Medical Center.

23. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

24. These obligations were for the payment of money arising out of an agreement or contract, express or implied and are therefore "claim(s)" as that term is defined by RCW § 19.16.100(2).

25. Plaintiff is informed and believes, and thereon alleges, that sometime before December 10, 2010, the University of Washington Medical Center authorized or employed Defendant to collect the debt, making the University of Washington Medical Center Defendant's "client" as that term is defined by RCW § 19.16.100(3).

26. Due to financial constraints, Plaintiff was not able to begin paying off the debt until December 10, 2010. Plaintiff wrote her first check to Defendant in the amount of $250.00 on December 10, 2010.

27. From December 10, 2010 through February 10, 2014, Plaintiff paid approximately $9,150.00 to Defendant through automatic deductions taken from her bank account.

28. In a letter dated December 30, 2010, Defendant stated the balance of Plaintiff's debt as $11,476.79 of which $3,641.74 was interest. Using these numbers, Defendant represented the principal amount of the debt as $7,835.05. However, as stated in paragraph 22, the principal amount of the debt was approximately $5,607.62. As such, Defendant falsely represented the amount of the debt in its attempt to collect. This constitutes a violation of 15 U.S.C. § 1692e, 1692e(2)(A), and 1692e(10).

29. In a letter to Plaintiff dated September 29, 2011, Defendant stated the current balance due as $10,053.87. The letter stated: "This balance is a sum of balances from 50 account(s). See Reverse Side for Account Detail". The reverse side, however, only listed five accounts with their corresponding reference numbers.

30. In a letter dated October 2, 2011, Defendant stated the current balance due as $10,054.88. The letter stated: "This balance is a sum of balances from 13

account(s). See Reverse Side for Account Detail". The reverse side, however, only listed five accounts with their corresponding reference numbers.

31. Plaintiff continued to make automatic payments on the 10th of every month until she made her last payment to Defendant on February 10, 2014.

32. By February 10, 2014, Plaintiff had paid a total of $9,150.00 to Defendant when the original debt was just $5,607.62.

33. Because Plaintiff was faithfully making automatic payments as agreed upon by Defendant, she reasonably believed her balance was decreasing each month and therefore was not aware that Defendant had altered the balance owed until February 18, 2014.

34. In a letter dated February 18, 2014, Defendant stated that Plaintiff still owed Defendant $5,231.99, of which $4,217.96 was interest. This letter also stated the interest rate as 12.00%. This letter was sent in response to Plaintiff's request for an itemized statement and proof of Defendant's claim. It included the itemized statement, which listed all fees charged by University of Washington Medical Center. This itemized statement showed a total of three (3) accounts, all totaling $5,607.62 in hospital fees.

35. Plaintiff did not enter into a written agreement with the University of Washington Medical Center authorizing Defendant to collect any amount other than the principal amount of $5,607.62 plus the legal maximum interest rate of 12.00%. As stated in paragraph 19-22, the debt was incurred on November 2nd and 9th of 2005. Assuming the principal amount of $5,607.62 began to accrue interest at the rate of 12% on November 10, 2005, the balance of the debt on December 10, 2010 should have equaled approximately $8,475.82. However, as stated in paragraph 27, on December 30, 2010, Defendant stated the balance of the debt as $11,476.79. As such, Defendant's conduct violated 15 U.S.C. 1692f and 1692f(1), as well as RCW § 19.16.250(21).

## FIRST CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. § 1692 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
### Violations of the Washington Collection Agency Act (CAA)
### §§ 19.16 *et seq.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the CAA.

41. As a result of Defendant's violations of the CAA, Plaintiff is entitled to any actual damages pursuant to RCW § 19.86.090; treble damages pursuant to RCW § 19.86.090; an injunction preventing Defendant from collecting otherwise legally chargeable fees, pursuant to RCW § 19.16.450; and reasonable attorney's fees and costs pursuant to RCW § 19.86.090 from Defendant.

## THIRD CAUSE OF ACTION
### Violations of the Telephone Consumer Practices Act (TCPA)
### 47 U.S. §§ 227 *et seq.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. On March 19, 2014, Defendant called Plaintiff's cellular telephone service and left a voicemail using an artificial voice. As such, Defendant's action was in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

44. On March 26, 2014, Defendant called Plaintiff's cellular telephone service again and left a second voicemail using an artificial voice. As such, Defendant's action was in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

45. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

47. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

48. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to statutory damages in the amount of $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

49. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant provided Plaintiff with the itemized charges from University of Washington Medical Center, and thereby clearly knew the amount of

the debt and knew or should have known that the debt was incurred because of Plaintiff's miscarriage. Thus, Defendant knew or should have known that failure to exercise due care in its collection of the debt would cause Plaintiff to suffer from severe emotional distress.

52. Despite the reasonable foreseeability of Plaintiff's emotional distress, Defendant breached its duty of care when it continued to demand payment after Plaintiff paid $9,150.00 on a claim where the original debt was $5,607.62. As incorporated above, these attempts were in violation of the FDCPA,

53. As a proximate result of Defendant's breach, Plaintiff suffered, and continues to suffer from severe emotional distress and mental suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Washington Collection Agency Act

- an award of actual damages, pursuant to RCW § 19.86.090 in an amount to be adduced at trial, from Defendant;
- an award of treble damages, pursuant to RCW § 19.86.090;
- an injunction preventing Defendant from collecting otherwise legally chargeable interest and fees, pursuant to RCW § 19.16.450;
- an award of costs of litigation and reasonable attorney's fees, pursuant to

RCW § 19.86.090, from Defendant.

**Telephone Consumer Protection Act**

- an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;
- an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;
- an injunction prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**Negligent Infliction of Emotional Distress**

- an award of actual damages, punitive damages, and such other relief as the court finds appropriate.

Respectfully submitted this 31st day of March, 2014,


By:   */s/ Mathew K. Higbee*
        Mathew K. Higbee
        HIGBEE & ASSOCIATES
        *Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, SENNIE ROSE hereby demands a trial by jury in the above matter.

Respectfully submitted this 31st day of March, 2014,

By: */s/ Mathew K. Higbee*
Mathew K. Higbee
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*