Pamela M. Andrews, WSBA #14248
Andrews ▪ Skinner, P.S.
645 Elliott Ave. W., Suite 350
Seattle, WA  98119
Phone: 206-223-9248 | Fax: 206-623-9050
Email: Pamela.andrews@andrews-skinner.com

*Attorney for Defendant NCO Financial Systems, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SENNIE ROSE, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NCO FINANCIAL SYSTEMS, INC., a limited partnership, and DOES 1 through 10,<br><br>　　　　　　　　　Defendants. | NO.  2:14-CV-00518-RAJ<br><br>DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT |

**DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S,**

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, NCO Financial Systems, Inc. ("NCO"),  appearing for itself and no others, hereby answers ("Answer") the Complaint ("Complaint") of Plaintiff Sennie Rose ("Plaintiff"), as follows:

**INTRODUCTION**

1. The allegations of ¶ 1 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by NCO, or otherwise require a response, NCO denies those allegations.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 1

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

2. The allegations of ¶ 2 constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by NCO, or otherwise require a response, NCO denies those allegations.

3. The allegations of ¶ 3 constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by NCO, or otherwise require a response, NCO denies those allegations.

4. In response to ¶ 4 of the complaint, NCO admits plaintiff brings this action to enjoin allegedly unlawful debt collection practices and to recover damages, but NCO denies any wrongdoing or liability and denies Plaintiff is entitled to damages in any amount.

5. NCO denies the allegations contained in ¶ 5 for lack of sufficient information to justify a reasonable belief therein.

## JURISDICTION AND VENUE

6. NCO admits the allegations contained in ¶ 6 for jurisdictional purposes only.

7. NCO denies the allegations contained in ¶ 7.

8. NCO admits the allegations contained in ¶ 8 for jurisdictional purposes only.

9. NCO admits the allegations contained in ¶ 9 for venue purposes only.

## PARTIES

10. NCO denies the allegations contained in ¶ 10 for lack of sufficient information to justify a reasonable belief therein.

11. NCO admits the allegations contained in ¶ 11.

12. NCO admits the allegations contained in ¶ 12.

13. NCO admits the allegations contained in ¶ 13.

14. NCO admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692a(6), its activities are regulated by the Fair Debt Collection Practices Act ("FDCPA"). Except as specifically admitted, NCO denies the allegations contained in ¶ 14.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 2

Andrews•Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

15. NCO admits only that when it operates as a collection agency as defined by RCW § 19.16.100(4), its activities are regulated by the Collection Agency Act ("CAA"). Except as specifically admitted, NCO denies the allegations contained in ¶ 15.

16. NCO admits the allegations contained in ¶ 16.

## FACTUAL ALLEGATIONS

17. NCO denies the allegations contained in ¶ 17 for lack of sufficient information to justify a reasonable belief therein.

18. NCO denies the allegations contained in ¶ 18 for lack of sufficient information to justify a reasonable belief therein.

19. NCO denies the allegations contained in ¶ 19 for lack of sufficient information to justify a reasonable belief therein.

20. NCO denies the allegations contained in ¶ 20 for lack of sufficient information to justify a reasonable belief therein.

21. NCO denies the allegations contained in ¶ 21 for lack of sufficient information to justify a reasonable belief therein.

22. NCO admits with respect to ¶ 22 that Plaintiff incurred medical debt from the University of Washington Medical Center; NCO denies the remaining allegations of ¶ 22 for lack sufficient information to justify a reasonable belief therein.

23. NCO admits the allegations contained in ¶ 23.

24. NCO admits the allegations contained in ¶ 24.

25. NCO admits the allegations contained in ¶ 25.

26. NCO denies the allegations contained in ¶ 26 for lack of sufficient information to justify a reasonable belief therein.

27. NCO denies the allegations contained in ¶ 27 for lack of sufficient information to justify a reasonable belief therein.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 3

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

28. NCO denies the allegations contained in ¶ 28.

29. NCO denies the allegations contained in ¶ 29.

30. NCO denies the allegations contained in ¶ 30.

31. NCO denies the allegations contained in ¶ 31 for lack of sufficient information to justify a reasonable belief therein.

32. NCO denies the allegations contained in ¶ 32 for lack of sufficient information to justify a reasonable belief therein.

33. NCO denies the allegations contained in ¶ 33 for lack of sufficient information to justify a reasonable belief therein.

34. NCO denies the allegations contained in ¶ 34 for lack of sufficient information to justify a reasonable belief therein.

35. NCO denies the allegations contained in ¶ 35.

## FIRST CAUSE OF ACTION

### Alleged Violations of the FDCPA

### 15 U.S.C. § 1692 *et seq.*

36. In response to ¶ 36, NCO incorporates by reference its responses to ¶¶ 1 through 35 above. Except as expressly admitted in such responses, NCO denies the allegations of ¶ 36 and each and every paragraph referenced therein.

37. NCO denies the allegations contained in ¶ 37.

38. NCO denies the allegations contained in ¶ 38.

## SECOND CAUSE OF ACTION

### Alleged Violations of the CAA

### RCW §§ 19.16 *et seq.*

39. In response to ¶ 39, NCO incorporates by reference its responses to ¶¶ 1 through 38 above. Except as expressly admitted in such responses, NCO denies the allegations of ¶ 39

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 4

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

and each and every paragraph referenced therein.

40. NCO denies the allegations contained in ¶ 40.

41. NCO denies the allegations contained in ¶ 41.

### THIRD CAUSE OF ACTION

### Alleged Violations of the TCPA

### 47 U.S.C. §§ 227 *et seq.*

42. In response to ¶ 42, NCO incorporates by reference its responses to ¶¶ 1 through 41 above. Except as expressly admitted in such responses, NCO denies the allegations of ¶ 42 and each and every paragraph referenced therein.

43. NCO denies the allegations contained in ¶ 43.

44. NCO denies the allegations contained in ¶ 44.

45. NCO denies the allegations contained in ¶ 45.

46. NCO denies the allegations contained in ¶ 46.

47. NCO denies the allegations contained in ¶ 47.

48. NCO denies the allegations contained in ¶ 48.

49. NCO denies the allegations contained in ¶ 49.

### FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

50. In response to ¶ 50, NCO incorporates by reference its responses to ¶¶ 1 through 49 above. Except as expressly admitted in such responses, NCO denies the allegations of ¶ 50 and each and every paragraph referenced therein.

51. NCO denies the allegations contained in ¶ 51.

52. NCO denies the allegations contained in ¶ 52.

53. NCO denies the allegations contained in ¶ 53.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 5

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

## PRAYER FOR RELIEF

NCO denies that Plaintiff is entitled to the relief sought.

AND NOW, further answering the Complaint, NCO avers:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in Plaintiff's Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

NCO alleges that at all times described in the Complaint, Plaintiff consented to any and all conduct alleged therein.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1629k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

NCO alleges that, assuming plaintiffs suffered any damages, which is denied, Plaintiff failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### SEVENTH AFFIRMATIVE DEFENSE

NCO alleges one or more of the calls was made by equipment that did not have the

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 6

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

NCO reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and factual developments in the case.

WHEREFORE, Defendant NCO prays that this action be dismissed with prejudice and at Plaintiff's costs, and further that NCO be awarded its costs and attorney's fees and any other appropriate relief.

DATED this 8th day of May, 2014.

ANDREWS ▪ SKINNER, P.S.

By/s/*Pamela M. Andrews*
PAMELA M. ANDREWS, WSBA #14248
645 Elliott Ave. W., Suite 350, Seattle, WA 98119
Phone: (206)223-9248 | Fax: (206)623-9050
Email: Pamela.andrews@andrews-skinner.com
Attorney for Defendant NCO Financial Systems, Inc.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 7

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

## CERTIFICATE OF SERVICE

  I hereby certify that on May 8, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

               By /s/ *Pamela M. Andrews*
               PAMELA M. ANDREWS, WSBA #14248
               ANDREWS ▪ SKINNER, P.S.
               645 Elliott Ave. W., Suite 350, Seattle, WA 98119
               Phone: (206)223-9248 | Fax: (206)623-9050
               Email: Pamela.andrews@andrews-skinner.com
               Attorney for Defendant NCO Financial Systems, Inc.

DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT
[2:14-CV-00518-RAJ] - 8

Andrews ▪ Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050